UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.E., et al.,<br><br>                           Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Defendant. | Case No.: 24-cv-0312-AGS-MSB<br><br>**ORDER GRANTING MOTION TO PROCEED PSEUDONYMOUSLY (ECF 3)** |

Four plaintiffs request leave to proceed under pseudonyms to protect their identities from public disclosure. For the reasons below, that unopposed motion is granted.

## BACKGROUND

The four adult plaintiffs in this case are all asylum-seekers who came to the United States seeking refuge from "persecution or torture" in their countries of origin. (ECF 1, at 3.) Shortly after arriving, each gave birth to a U.S. citizen—each also a plaintiff here—and the identities of those infants are already protected. *See* Fed. R. Civ. P. 5.2(a)(3). All allege that, after giving birth in custody, they were promptly expelled to Mexico with their newborns, where they "struggled to survive" for many months. (*See* ECF 1, at 3.) All have revealed their identities to defendant and its agencies. (ECF 3-1, at 2.)

## DISCUSSION

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). But when the claims involve "sensitive and highly personal issues," a party may proceed pseudonymously in the "unusual case" when the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000).

  Plaintiffs allege that pressing their claims will involve "sensitive and highly personal issues." *Id.* at 1068. They urge that the case "necessarily will require disclosure of . . . mental and physical health information," which "could be stigmatizing and risk further traumatizing them if publicly disclosed." (ECF 3-1, at 7.)

  For instance, when plaintiff E.P.E. was expelled with her three children to Tijuana, she was "very dizzy and lightheaded" "from her recent major surgery" and experienced "vaginal bleeding" that "ran down her leg," causing her to fall "to the ground, hitting her head and dropping [her newborn], who also hit her head." (ECF 1, at 19–20.) Plaintiff E.C.M.U. and her children were expelled to Mexico for 106 days, during which she "was so severely depressed by her circumstances that she stopped showering, ate very little, and cried regularly." (*Id.* at 31.) Plaintiff H.S.C.G. and her children spent 256 days "rely[ing] on charity and often did not have money for food." (*Id.* at 39–40.) Without a birth certificate for her newborn, "no medical clinic would provide [him] vaccinations" and he "suffered from the flu, fevers, and a lung infection." (*Id.* at 39.) And plaintiff S.S.F., "crying and begging," was "forcefully grabbed" and "dragged to the gate," "scrap[ing] her legs on the ground." (ECF 1, at 45.) The first afternoon she spent "sit[ting] by the side of a road, sobbing uncontrollably" and "the next three days living and sleeping on the streets of Tijuana," "begg[ing] for money from strangers." (*Id.* at 47.) She managed to secure shelter through a charity, subsisting in Mexico for another 220 days. (*Id.* at 48.)

  Courts have allowed pseudonyms over similar concerns. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (permitting use of pseudonym when "victim of human trafficking" would otherwise be exposed to "inquiries from the press," compromising "her ability to recover from her trauma"); *cf. Doe v. U.S. Healthworks Inc.*, No. CV15-05689-SJO(AFMx), 2016 WL 11745513, at *5 (C.D. Cal. Feb. 4, 2016) (contrasting cases where "sensitive and highly personal" anonymity was allowed—including those disclosing "abortion," "sexual orientation," "prison rape," and "illegitimacy and paternal abandonment"—with a case where previous "exotic dancers" were denied the anonymity they sought). *Compare Doe v. Zuchowski*, No. 2:21-cv-01519-

APG-EJY, 2021 WL 4066667, at *2 (D. Nev. Sept. 7, 2021) (denying anonymity when sole basis was "unsupported conclusory statements" that disclosure of "mental health problems will cause stigmatization, an invasion of privacy, and damage to . . . reputation") *with Doe v. Samuel Merritt Univ.*, No. C-13-00007 JSC, 2013 WL 12386844, at *1–2 (N.D. Cal. Apr. 25, 2013) (granting pseudonymity even when plaintiff "simply assert[ed] her unsupported belief that she will be stigmatized" for having "Generalized Anxiety Disorder" and "Panic Disorder" mainly because defendants did not oppose the request).

As for prejudice, defendant argues none. And none is apparent. "Plaintiffs do not seek to conceal their names from Defendant, but only to use pseudonyms in publicly filed documents in this case." (ECF 3-1, at 9.) The "knowledge defendants have of plaintiffs' identities . . . lessens their claims to be prejudiced by the use of pseudonyms." *Advanced Textile Corp.*, 214 F.3d at 1069 n.11. This factor weighs in favor of granting plaintiffs' motion.

Considerations of the public interest also support granting pseudonymity. As a preliminary matter, all four adult plaintiffs have applied for (or been granted) asylum. "Asylum seekers have the right to keep confidential any information contained in or pertaining to an asylum application that allows a third party to link" their identities to, among other things, facts giving "rise to a reasonable inference that the applicant has applied for asylum." *A.B.T. v. United States Citizenship & Immigr. Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *5 (W.D. Wash. July 20, 2012) (expressing "grave concerns" about "essentially requiring the parties to violate" these confidentiality regulations by not granting pseudonymity (citing 8 C.F.R. §§ 208.6, 1208.6)); *Doe v. Bernacke*, No. 2:23-cv-01453-RFB-VCF, 2023 WL 6311458, at *2 (D. Nev. Sept. 27, 2023) (granting pseudonymity and citing "policies that generally protect the confidentiality of information related to asylum applications"); *cf. United States Dep't of State v. Ray*, 502 U.S. 164, 177–79 (1991) (finding the substantial "public interest in disclosure" via Freedom of Information Act request of refugees' identities to be outweighed by "clearly unwarranted invasion" of their privacy).

The public also has an interest in avoiding the chilling of lawsuits brought to enforce public rights. In cases brought against government entities, "personal anonymity is more readily granted" because "there is arguably a public interest in a vindication of [an individual's] rights" and personal characteristics are generally not at issue. *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see Publius v. Boyer-Vine*, 321 F.R.D. 358, 366 (E.D. Cal. 2017) (granting pseudonymity to blogger who published home addresses of California legislators who had voted in favor of gun-control measures because "the fact that Defendant is a government entity tips the balance"); *cf. Advanced Textile Corp.*, 214 F.3d at 1072–73 (finding public interest weighed in favor of allowing pseudonymity in Fair Labor Standards Act matter and "fail[ing] to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case").

Plaintiffs have demonstrated that the case will involve sufficiently "sensitive and highly personal issues." Their need for anonymity outweighs any possible prejudice to defendant or the public's interest in knowing their identities at this stage of the proceedings. Accordingly, balancing these factors, the Court finds that plaintiffs may proceed using pseudonyms at this time. Although defendant has already been provided plaintiffs' identities, if evidence later indicates that revealing their identities is necessary, defendant may challenge their use of pseudonyms. *See Advanced Textile Corp.*, 214 F.3d at 1072 ("We recognize that at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute individualized accusations of [rights violations].").

For the above reasons, plaintiffs' motion to proceed pseudonymously is **GRANTED**.

Dated: May 20, 2024

Andrew G. Schopler
United States District Judge