Trina Realmuto (CA SBN 201088)
Mary Kenney* (DC SBN 1044695)
Kristin Macleod-Ball* (NY SBN 5340500)
NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA, 02446
617-819-4447

Bardis Vakili (CA SBN 247783)
LAW OFFICE OF BARDIS VAKILI
P.O. Box 234160
Encinitas, CA 92023
619-483-3490

*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.E., on her own behalf and on behalf of her minor child, E.E.B.P., E.C.M.U., on her own behalf and on behalf of her minor child, E.M.M., H.S.C.G., on her own behalf and on behalf of her minor child, B.Y.C.G., S.S.F, on her own behalf and on behalf of her minor child, A.L.T.J.P.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 3:24-cv-00312-AGS (MSB)<br><br>**PLAINTIFFS' EX PARTE PETITION FOR APPROVAL OF TERMS OF TRUST FOR MINOR PLAINTIFFS** |

Case No. 3:24-cv-00312-AGS (MSB)

Pursuant to Local Rules 17.1(b)(3) and (4), Plaintiffs/Petitioners E.P.E., E.C.M.U., H.S.C.G. and S.S.F. (Plaintiff Mothers) petition this Court to approve the terms of the trust to be established for disbursement of settlement funds for their respective minor children, Plaintiffs E.E.B.P, E.M.M., B.Y.C.G., and A.L.T.J.P. (Minor Plaintiffs). The disbursement of these funds by means of this trust is in accord with the conditions for such a trust set out in California Probate Code § 3600, *et seq.*, including § 3611(g).

1. Plaintiff/Petitioner E.P.E. is the mother of Minor Plaintiff E.E.B.P. E.E.B.P. was born in San Diego, California on March 26, 2020, and currently is 5 years old. She resides with her mother and two brothers in Modesto, California.

2. Plaintiff/Petitioner E.C.M.U. is the mother of Minor Plaintiff E.M.M. E.M.M. was born in San Diego, California on December 9, 2020, and currently is 5 years old. She resides with her mother, father, and siblings in the Bronx, New York.

3. Plaintiff/Petitioner H.S.C.G. is the mother of Minor Plaintiff B.Y.C.G. B.Y.C.G. was born in San Diego, California on July 11, 2020, and currently is 5 years old. He resides with his mother, father, and siblings in Goodview, Minnesota.

4. Plaintiff/Petitioner S.S.F. is the mother of Minor Plaintiff A.L.T.J.P. A.L.T.J.P. was born in San Diego, California on July 16, 2020, and is currently 5 years old. She resides with her mother in York, Pennsylvania.

5. There is no guardianship or conservatorship for any of the Minor Plaintiffs.

6. Plaintiff Mothers E.P.E., E.C.M.U., H.S.C.G., and S.S.F. are four mothers who filed this suit on February 19, 2024, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, alleging that they and their respective newborn babies, Minor Plaintiffs, were unlawfully expelled to extremely dangerous and unhealthy conditions in Tijuana, Mexico by agents of the U.S. Border Patrol when Minor Plaintiffs were one and two days old. Plaintiffs allege that Defendants' agents expelled: Plaintiffs E.P.E. and E.E.B.P. for 375 days, beginning when Plaintiff E.E.B.P. was only 1 day old, Dkt. 1, ¶¶ 52, 60, 62; Plaintiffs E.C.M.U. and E.M.M. for 106 days, beginning when Plaintiff E.M.M. was only 1 day old, *id.* ¶¶ 81, 83-84, 94; Plaintiffs H.S.C.G. and B.Y.C.G. for 256 days, beginning when Plaintiff B.Y.C.G. was 2 days old, *id.* ¶¶ 101, 106, 110, 120; and Plaintiffs S.S.F. and A.L.T.J.P. for 220 days, beginning when Plaintiff A.L.T.J.P. was 2 days old, *id.* ¶¶ 133, 136, 140, 151.

7. Plaintiffs sought damages for their harms, claiming false imprisonment, intentional infliction of emotional distress, and negligence on

2
Case No. 3:24-cv-00312-AGS (MSB)

several bases. Dkt. 1. The Court granted Plaintiffs' motion to proceed by pseudonym, Dkt. 18, and subsequently denied Defendant's motion to dismiss with respect to all but one claim. Dkt. 26.

8. During a May 28, 2025, Early Neutral Evaluation (ENE), Plaintiff Mothers E.C.M.U., H.S.C.G., and S.S.F. accepted a conditional settlement offer from Defendant on behalf of themselves and their respective children, Minor Plaintiffs E.M.M., B.Y.C.G. and A.L.T.J.P. Dkt. 37. On November 24, 2025, Defendant approved this settlement with these six Plaintiffs. That day, Plaintiff Mother E.P.E., on behalf of herself and Minor Plaintiff E.E.B.P., also reached a settlement with Defendant.

9. Pursuant to the settlement between all parties, three of the families—E.C.M.U. and her daughter E.M.M., H.S.C.G. and her son, B.Y.C.G., and S.S.F. and her daughter A.L.T.J.P.—will each receive $100,000.00. *See* Ex. A, Settlement Agreement and Release of Claims. Subject to the Court's approval, Plaintiff Mothers intend to split this amount evenly so that each of their children receive $50,000.00. The fourth family, E.P.E. and her daughter E.E.B.P., will receive $135,000.00; E.P.E. also intends to split this evenly such that Minor Plaintiff E.E.B.P. receives $67,500.00.

10. Under the FTCA, attorneys can collect up to twenty-five percent (25%) of a settlement amount and be reimbursed for expenses. Here, Plaintiffs'

3
Case No. 3:24-cv-00312-AGS (MSB)

counsel from the National Immigration Litigation Alliance and the Law Office of Bardis Vakili will collect fifteen percent (15%) and will waive recoupment of litigation expenses.

11. Each of the Minor Plaintiffs experienced pain and suffering due to the conditions they endured following their expulsions to Mexico, including as the result of inadequate access to food, proper shelter, and basic necessities. *See* Dkt. 1, ¶¶ 47, 54, 58, 60-61, 84, 90-91, 93, 112, 119-121, 139-140, 145-149. None of them sustained permanent physical injuries.

12. None of the Minor Plaintiffs have outstanding medical or other expenses to be paid or reimbursed from their settlement amounts. No Plaintiff Mother has a claim against her respective child's recovery under this settlement. Minor Plaintiffs E.M.M., B.Y.C.G., and A.L.T.J.P. will each receive $42,500.00 and Minor Plaintiff E.E.B.P. will receive $56,875.00. For each of them, this is the full amount of their half of the respective settlement amount, minus only attorney fees.

13. Minor Plaintiffs' respective portions of the settlement will be placed in a pooled minor's trust administered by the nonprofit Legacy Enhancement Trust. *See* Ex. B, Minors Master Pooled Trust Agreement. The primary purpose of the Trust is to protect each beneficiary from the loss of Trust assets through undue influence, misuse, or exploitation by others. *Id.*, Art.

4
Case No. 3:24-cv-00312-AGS (MSB)

I; *see also id.*, Art. VI – Spendthrift Provision. Distribution of the funds to each Minor Plaintiff will be overseen by a fiduciary trustee at Legacy Enhancement Trust. *Id.*, Art. IX – Trustee Powers. The trusts will terminate when each Minor Plaintiff reaches 18 years of age. *Id.*, Art. VII – Trust Termination. Until that time, the trustee will make distributions from the Trust for the use and benefit of the minor for expenses which are not provided by or available from another source. No distribution shall discharge the legal obligation of Plaintiff Mothers to support Minor Plaintiffs in accordance with state law. *Id.*, Art. I. Rather, permissible distributions include, but are not limited to, expenses related to education, health care, and technology. *See* Ex. C, Master Pooled Trust Joinder Agreement (Joinder Agreement), Art. 2. Absent an extraordinary circumstance, such as one involving health or safety, distributions from the trust cannot be made for items categorized as parental support, such as rent, mortgage, or utility payments, alcohol, cigarettes, bail, bank overdraft fees and other itemized expenses. *Id.*, Art. 3. Any funds remaining when the trust terminates will be released to each Minor Plaintiff in full. *Id.*, Art. 3.

14. Legacy Enhancement Trust's costs for administering the trust are reasonable, consisting only of an initial enrollment fee of one thousand and five hundred dollars ($1,500) per child and an annual administrative fee of 1.95%. Ex. C, Art. 4 and attached "Exhibit D."

5
Case No. 3:24-cv-00312-AGS (MSB)

15. Petitioners request that no bond be required given that the full amount of the settlement proceeds for each Minor Plaintiff, minus only attorneys' fees, will be placed in a pooled minor's trust administered by the nonprofit Legacy Enhancement Trust.

For all the reasons listed above, Plaintiff Mothers ask that this Court approve the terms of the proposed trust for Minor Plaintiffs.

Respectfully submitted,

s/ *Mary Kenney*
Mary Kenney* (DC SBN 1044695)
Trina Realmuto (CA SBN 201088)
Kristin Macleod-Ball* (NY SBN 5340500)
NATIONAL IMMIGRATION
   LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA, 02446
617-819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org
kristin@immigrationlitigation.org

Bardis Vakili (CA SBN 247783)
LAW OFFICE OF BARDIS VAKILI
P.O. Box 234160
Encinitas, CA 92023
619-483-3490
bardis@vakililegal.com

*Attorneys for Plaintiffs*

\* *Admitted pro hac vice*

Dated: December 12, 2025

Case No. 3:24-cv-00312-AGS (MSB)

6

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 12, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*s/ Mary Kenney*
Mary Kenney

7
Case No. 3:24-cv-00312-AGS (MSB)