Trina Realmuto (CA SBN 201088)
Mary Kenney* (DC SBN 1044695)
Kristin Macleod-Ball* (NY SBN 5340500)
NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA, 02446
617-819-4447

Bardis Vakili (CA SBN 247783)
LAW OFFICE OF BARDIS VAKILI
P.O. Box 234160
Encinitas, CA 92023
619-483-3490

*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.E., on her own behalf and on behalf of her minor child, E.E.B.P., E.C.M.U., on her own behalf and on behalf of her minor child, E.M.M., H.S.C.G., on her own behalf and on behalf of her minor child, B.Y.C.G., S.S.F, on her own behalf and on behalf of her minor child, A.L.T.J.P., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. 3:24-cv-00312-AGS (MSB) <br><br> **PLAINTIFFS' PETITION TO APPROVE THE SETTLEMENT OF MINORS' CLAIMS** |

Case No. 3:24-cv-00312-AGS (MSB)

Pursuant to Local Rule 17.1, Plaintiffs E.P.E., E.C.M.U., H.S.C.G., and S.S.F., on behalf of their respective minor children, Plaintiffs E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P., request that the Court approve the proposed Settlement Agreement of the minor Plaintiffs' claims against Defendant United States of America.

Defendant's counsel informed Plaintiffs' counsel that "The government's position is that the settlement is fair and reasonable, and the government takes no position as to the approval of the motion to approve the settlement of the minors' claims nor to the ex parte petition for approval of the trust."

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND INFORMATION

**A. Case History**

Plaintiffs E.PE., E.C.M.U., H.S.C.G., and S.S.F. (Plaintiff Mothers) are four mothers who filed this suit on February 19, 2024, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq*., alleging that they and their respective newborn babies, Plaintiffs E.E.B.P., E.M.M., B.Y.C.G. and A.L.T.J.P. (Minor Plaintiffs), were unlawfully expelled to extremely dangerous and unhealthy conditions in Tijuana, Mexico by agents of the U.S. Border Patrol when the Minor Plaintiffs were one and two days old. Plaintiffs allege that Defendants' agents expelled: Plaintiffs E.P.E. and E.E.B.P. for 375 days,

beginning when Plaintiff E.E.B.P. was only 1 day old, Dkt. 1, ¶¶52, 60, 62; Plaintiffs E.C.M.U. and E.M.M. for 106 days, beginning when Plaintiff E.M.M. was only 1 day old, *id*. ¶¶ 81, 83-84, 94; Plaintiffs H.S.C.G. and B.Y.C.G. for 256 days, beginning when Plaintiff B.Y.C.G. was 2 days old, *id*. ¶¶ 101, 106, 110, 120; and Plaintiffs S.S.F. and A.L.T.J.P. for 220 days, beginning when Plaintiff A.L.T.J.P. was 2 days old, *id*. ¶¶ 133, 136, 140, 151.

Plaintiffs sought damages for these harms, bringing claims for false imprisonment, intentional infliction of emotional distress and negligence on several bases under the FTCA. *See* Dkt. 1. All Plaintiffs moved for and were granted permission to proceed under pseudonym. Dkt. 3, 18. On March 4, 2025, the Court denied Defendant's Motion to Dismiss with respect to all but one claim. Dkt. 26. After Defendant filed its Answer, Dkt. 28, Magistrate Judge Berg held an Early Neutral Evaluation on May 28, 2025, during which Plaintiff Mothers E.C.M.U., H.S.C.G. and S.S.F., on behalf of themselves and their respective children, Minor Plaintiffs E.M.M., B.Y.C.G., and A.L.T.J.P., accepted conditional settlement offers from Defendant. Dkt. 37. Further litigation by these six Plaintiffs was stayed pending Defendant's final approval of the settlement. Judge Berg transferred the review of the Minor Plaintiffs' Settlement to Magistrate Judge Leshner. Dkt. 43.

2
Case No. 3:24-cv-00312-AGS (MSB)

Judge Berg issued a scheduling order for Plaintiffs E.P.E. and E.E.B.P. and Defendant, Dkt. 38, and these parties each propounded and responded to interrogatories and requests for production. Judge Berg held a telephonic case management conference regarding the ongoing litigation between these parties on August 28, 2025. Dkt. 44. Subsequently, on November 24, 2025, Plaintiff Mother E.P.E., on behalf of herself and Minor Plaintiff E.E.B.P., accepted a settlement offer. At or about that time, Defendant gave final approval of the settlements with all eight Plaintiffs.

**B. Minor Plaintiffs and Their Mothers**

Minor Plaintiff E.E.B.P. was born on March 26, 2020, and is currently 5 years old. She resides with her mother, Plaintiff E.P.E., and her two older brothers in Modesto, California. Minor Plaintiff E.M.M. was born on December 9, 2020, and is currently 5 years old. She resides with her mother, Plaintiff E.C.M.U., her father, and her siblings in the Bronx, New York. Minor Plaintiff B.Y.C.G. was born on July 11, 2020, and is currently five years old. He resides with his mother, Plaintiff H.S.C.G., father, and siblings in Goodview, Minnesota. Minor Plaintiff A.L.T.J.P. was born on July 16, 2020, and is currently 5 years old. She lives with her mother, Plaintiff S.S.F., in York, Pennsylvania. There is no guardianship or conservatorship for any of the Minor Plaintiffs.

3
Case No. 3:24-cv-00312-AGS (MSB)

**C. The Settlement Agreement, Attorneys' Fees, and Costs**

Pursuant to the proposed Settlement Agreement, attached as Exhibit A,[1] Defendant will pay Plaintiff Mother E.P.E. and Minor Plaintiff E.E.B.P. a total of $135,000. Ex. A, ¶2. Defendant will pay each of the remaining Plaintiff families a total of $100,000.00 per family. *Id.* Plaintiffs have agreed to the terms, conditions, and requirements of the proposed Settlement Agreement. *Id.* Pursuant to Local Rule 17.1, the proposed Settlement Agreement with respect to Minor Plaintiffs is contingent on this Court's approval of both the proposed trust agreements for the Minor Plaintiffs, *see* Dkt. 52, and this Petition. Following such approval, and upon Defendant's payment of the full settlement amount, Plaintiffs will dismiss this action. *See* Exh. A, ¶2.

Because the conditions for payment and disbursement of the funds satisfy Local Rule 17.1. in that the disbursements will be made in accord with California Probate Code §§ 3600 and 3610, Plaintiffs request that the Court approve the proposed Settlement Agreement on behalf of the Minor Plaintiffs and further request that the Court approve the equal distribution of each family's settlement amount between Plaintiff Mother and Minor Plaintiff, such

---

[1]     Plaintiffs have redacted their full names in this Exhibit so that only their initials appear in accordance with the order permitting them to appear in the case under pseudonym. Dkt. 18.

4
Case No. 3:24-cv-00312-AGS (MSB)

that Minor Plaintiff E.E.B.P. will receive $67,500.00, while Minor Plaintiffs E.M.M., B.Y.C.G., and A.L.T.J.P. each will receive $50,000.00.

Under the FTCA, attorneys can collect up to twenty-five percent (25%) of a settlement amount. 28 U.S.C. § 2678. Here, Plaintiffs' counsel from the National Immigration Litigation Alliance and the Law Office of Bardis Vakili will collect fifteen percent (15%) of the settlement amount and will not seek reimbursement for litigation costs.

Minor Plaintiffs' portions of the settlement amount shall be placed in pooled minors' trust administered by the non-profit Legacy Enhancement Trust. Distribution of funds to the Minor Plaintiffs from their respective pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement Trust. Each trust will terminate when the minor reaches age 18. Permissible distributions until the Minor Plaintiffs turn 18 include, but are not limited to, expenses related to education, health care and technology. After a Minor Plaintiff turns 18, any funds remaining in the trust will be released to the minor in full. *See also* Dkt. 52.

II.     **Reasonableness of the Settlement Agreement**

The district court in "which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving

5

Case No. 3:24-cv-00312-AGS (MSB)

minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). To make that determination, a district court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. If those factors are established, then the settlement should be approved. *Id*. at 1182.

The proposed Settlement Agreement provides for a fair and reasonable allocation of the monetary proceeds to the Minor Plaintiffs based on their circumstances, their respective investment of time and resources into the case, and the relatively early status of the case. Six of the Plaintiffs agreed to settle the case at the Early Neutral Evaluation before any discovery had taken place. Plaintiffs E.P.E. and E.E.B.P. did not settle until November 2025, and their slightly higher settlement amount reflects the additional time invested in litigating the case, including responding to discovery. All Plaintiffs are interested in settling now to be guaranteed a sum certain and avoid the delay associated with further litigation.

6

Case No. 3:24-cv-00312-AGS (MSB)

Additionally, the interests of Plaintiff Mothers are aligned with Minor Plaintiffs, and thus Plaintiff Mothers may approve their respective settlements and sign on their children's behalf. "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *D.C. v. County of San Diego*, No.: 18-cv-0013-WQH-MSB, 2019 WL 4534550, *4 (S.D. Cal. Sept. 19, 2019) (quoting *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)) (finding it unnecessary to appoint a guardian ad litem where there was no conflict of interest between the plaintiff parent and plaintiff child); *see also Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (same); *Tex. Ins. Co. v. Athena Logistic Sols. LLC*, No. CV-23-00038-TUC-RM, 2024 WL 309942, at *2–3 (D. Ariz. Jan. 26, 2024) (noting that evidence of a parent putting his or her interest over that of the minor child is necessary to show a conflict of interest); *Wright v. S. Ariz. Child.'s Advoc. Ctr.*, Case No. 21-CV-00257, 2023 WL 6517452, at *1 (D. Ariz. Oct. 5, 2023) (approving minor's settlement and finding that the court "need not appoint a guardian ad litem [because the] minor [was] adequately represented by a parent" who had "retained counsel [ ] to represent [the minor's] interests in [the] action").

Here, the adult Plaintiff Mothers have represented Minor Plaintiffs' interests fairly throughout the litigation and during the settlement process. The

7
Case No. 3:24-cv-00312-AGS (MSB)

requested allocations further show that Plaintiff Mothers E.P.E., E.C.M.U., H.S.C.G., and S.S.F. have not placed their interests above those of the minor Plaintiffs; indeed, the settlement amounts are intended to be divided evenly between parent and child. In addition, Plaintiff Mothers' interests are aligned with those of Minor Plaintiffs' because all Plaintiffs seek damages for their alleged tortious treatment and unlawful expulsions to Mexico in 2020. *See* Dkt. 1. Plaintiff Mothers provide parental support for their children and will continue to care for Plaintiffs E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P., respectively, until each turns 18.

Given the absence of any conflict of interest between the Plaintiffs and the fairness of the Settlement, this Court has the power to approve the Settlement Agreement and grant Plaintiffs E.P.E., E.C.M.U., H.S.C.G., and S.S.F. the authority to consummate the Settlement Agreement on behalf of Minor Plaintiffs E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P., respectively. *See D.C.,* 2019 WL 4534550, at *4.

Respectfully submitted,

s/ *Mary Kenney*

| | |
|---|---|
| Mary Kenney* (DC SBN 1044695) | Bardis Vakili (CA SBN 247783) |
| Trina Realmuto (CA SBN 201088) | LAW OFFICE OF BARDIS VAKILI |
| Kristin Macleod-Ball* (NY SBN 5340500) | P.O. Box 234160 |
| | Encinitas, CA 92023 |
| NATIONAL IMMIGRATION LITIGATION ALLIANCE | 619-483-3490 |
| | bardis@vakililegal.com |

8

Case No. 3:24-cv-00312-AGS (MSB)

10 Griggs Terrace
Brookline, MA, 02446
617-819-4447
mary@immigrationlitigation.org
trina@immigrationlitigation.org
kristin@immigrationlitigation.org

*Attorneys for Plaintiffs*

\* *Admitted pro hac vice*

Dated: December 12, 2025

9
Case No. 3:24-cv-00312-AGS (MSB)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 12, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*s/ Mary Kenney*
Mary Kenney

10
Case No. 3:24-cv-00312-AGS (MSB)