<div style="text-align:right;color:red">Exhbit A</div>

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.E., on her own behalf and on behalf of her minor child, E.E.B.P.; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No.: 24-cv-00312-AGS-MSB<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |

The United States of America ("Defendant") and E█████ P████ E█████, on her own behalf and on behalf of her minor child E████ E██████ B███████ P███ ("E.P.E. Family Unit"), E████ Cr██ M██████ U███, on her own behalf and on behalf of her minor child E█████ M██ M███████ ("E.C.M.U. Family Unit"), H███ S██ C██████ A-██████, on her own behalf and on behalf of her minor child B█████ Y███ C██████ ("H.S.C.A. Family Unit"), and S██████ S███ F██, on her own behalf and on behalf of her minor child A███ L████ T██████ J██ P███ ("S.S.F. Family Unit"),[1] stipulate and agree to resolve this action in accordance with

---

[1] E.P.E. Family Unit, E.C.M.U. Family Unit, H.S.C.A. Family Unit, and S.S.F. Family Unit are herein collectively referred to as "Plaintiffs." Defendant and Plaintiffs are herein collectively referred to as "the parties."

the following terms:

1. The parties agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action matter under the terms and conditions set forth in this Settlement Agreement and Release of Claims ("Settlement Agreement").

2. Conditioned on the Court's approval of a Minor's Compromise for Plaintiffs E▇▇ E▇▇▇▇ B▇▇▇▇▇▇▇ P▇▇▇, E▇▇▇ M▇ M▇▇▇▇▇▇, B▇▇▇ Y▇▇▇ C▇▇▇▇, and A▇▇▇ L▇▇▇ T▇▇▇▇▇ J▇▇ P▇▇, Defendant the United States of America agrees to pay the total sum of FOUR HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($435,000.00) (the "Settlement Sum") as follows: (i) payment shall be made to the E.P.E. Family Unit in the total sum of ONE HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($135,000.00) (the "E.P.E. Settlement Sum"); (ii) payment shall be made to the E.C.M.U. Family Unit in the total sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) (the "E.C.M.U. Settlement Sum"); (iii) payment shall be made to the H.S.C.A. Family Unit in the total sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) (the "H.S.C.A. Settlement Sum"); and (iv) payment shall be made to the S.S.F. Family Unit in the total sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) (the "S.S.F. Settlement Sum"). Payment of the E.P.E. Settlement Sum, the E.C.M.U. Settlement Sum, the H.S.C.A. Settlement Sum, and the S.S.F. Settlement Sum shall each be subject to any offset imposed pursuant to the Treasury Offset Program and in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature which Plaintiffs may have or hereafter acquire against Defendant, or any of its agents, employees, or servants, arising out of, or related to, the facts and circumstances alleged in the Complaint filed in this action.

3. Plaintiffs agree to accept payment of the Settlement Sum in full and final satisfaction of any and all claims and demands which Plaintiffs or Plaintiffs' successors

or assigns may now have or may hereafter acquire, as a result of the incidents described in the Complaint, and the losses and injuries alleged therein, to have occurred to Plaintiffs by act or operation of law, including any claims for unforeseen injuries or damages, against Defendant or any of its agents, employees, or servants, individually and/or in their official capacities. Payment of the Settlement Sum shall constitute a complete release from, and bar to, any and all causes of action, claims, rights, liens, or subrogated interests, known or unknown to Plaintiffs, and in whomsoever vested, by reason of or arising from the circumstances described in the Complaint herein. Plaintiffs agree to indemnify, defend, and save harmless Defendant and/or any of its agents, employees or servants, individually and/or in their official capacities, from such causes of action, liens, rights, or subrogated interests.

4. This instrument constitutes a compromise settlement of a disputed claim and demand, and does not constitute, and should not be construed as, an admission of liability or fault by Defendant or any of its agents, employees, or servants. Liability and fault are expressly denied. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

5. It is understood by and among the parties that pursuant to 28 U.S.C. § 2678, attorneys' fees for services rendered in connection with this action may not exceed twenty-five percent (25%) of the Settlement Sum. Such fees shall be paid out of, and not in addition to, the Settlement Sum. The parties further agree to bear their own costs, fees, and expenses.

6. It is also understood and agreed that Plaintiffs are solely responsible for payment of any liability or claim of liability assessed by any federal, state, or local government or agency resulting from receipt of the net proceeds of this settlement. Defendant makes no representation as to the federal or state tax treatment of the Settlement Sum. Defendant also makes no representation regarding the implications of the Treasury Offset Program as to the Settlement Sum.

7. Plaintiffs represent and warrant that at the time this suit was filed, Plaintiffs were the sole and lawful owner of all right, title, and interest in and to every claim and other matter which Plaintiffs purport to release herein, and that Plaintiffs currently are the sole and lawful owner of all right, title, and interest in and to every claim and other matter which Plaintiffs purport to release herein, and that Plaintiffs have not assigned or transferred, or purported or attempted to assign or transfer, to any other person or entity, any claims or other matters herein released. Plaintiffs shall indemnify Defendant and/or any of its agencies, employees, or agents, individually and/or in their official capacities, and defend against and hold them harmless from, any claims arising out of or relating to any such assignment or transfer, or any such purported or attempted assignment or transfer, of any claims or other matters released or assigned herein.

8. As to all claims, demands, causes of action and liabilities released herein, Plaintiffs expressly waive to the fullest extent permissible under law any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The provisions of all comparable, equivalent, or similar statutes and principles of the common law of California, of the other states of the United States, and of the United States also are expressly waived to the same extent. In connection with such waiver and relinquishment, Plaintiffs acknowledge that Plaintiffs are aware of, or may hereafter discover, claims presently unknown or unsuspected, or facts in addition to or different from those which Plaintiffs now know or believe to be true, with respect to the matters released herein. Nevertheless, it is Plaintiffs' intention, through this

release, and with the advice of counsel, to fully, finally, and forever settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiffs and Defendant and/or any of Defendant's agents, employees or servants, individually and/or in their official capacities. In furtherance of such intention, this release will remain in effect as a full and complete release of such matters notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

9. Payment of the Settlement Sum will be made by electronic funds transfer to Plaintiffs' counsel's trust account, and Plaintiffs' counsel bears sole responsibility for distributing the settlement proceeds to Plaintiffs.

10. The parties agree that, in consideration for settlement of this matter, all outstanding or future bills or liens incurred by Plaintiffs related to the subject matter of this litigation will be the sole responsibility of Plaintiffs.

11 Upon payment of the Settlement Sum, the Complaint filed in this case and the action shall be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii). A separate Joint Motion for Dismissal and Proposed Order of Dismissal shall be executed and filed with the Court.

12. Should a court determine that any term of this Agreement is unenforceable, that term is deemed deleted. However, the validity of and the parties' ability to enforce the remaining terms will not be affected by the deletion of the unenforceable term.

13. Plaintiffs acknowledge that Plaintiffs have read this Settlement Agreement, fully understand their rights, privileges, and duties under this Settlement Agreement, and enter this Settlement Agreement freely and voluntarily. Further, Plaintiffs acknowledge that they have had adequate time to consult with counsel who has explained and discussed the terms and consequences of this Settlement Agreement.

14. This Agreement and the provisions contained herein shall not be construed or interpreted for or against any Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

15. This Agreement is integrated and represents all promises and obligations to which the Parties have consented. Any promise not contained herein cannot be construed as part of this Agreement.

16. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart (either by fax, mail, email, or personal service), each counterpart shall be deemed an original, and, when taken together with the other executed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all parties.

DATED: 12-10-2025

E█████ P█████
E█████ P█ E█████
Plaintiff

DATED: 12-10-2025

E█████ P█████
E█████ E█████
B█████ P█████
Plaintiff, by E█████ P█████ E█████

DATED:

_____
_____
Plaintiff

DATED:

_____
Plaintiff, by █████

14. This Agreement and the provisions contained herein shall not be construed or interpreted for or against any Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

15. This Agreement is integrated and represents all promises and obligations to which the Parties have consented. Any promise not contained herein cannot be construed as part of this Agreement.

16. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart (either by fax, mail, email, or personal service), each counterpart shall be deemed an original, and, when taken together with the other executed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all parties.

DATED: _____

Plaintiff

DATED: 12/10/25

Plaintiff, by

DATED: 12/10/25

E▮▮▮▮ C▮▮▮ M▮▮▮
U▮▮▮
Plaintiff

DATED: _____



E▮▮▮▮ M▮▮ M▮▮
Plaintiff, by E▮▮ C▮▮ M▮
U▮▮▮▮

DATED: 12/10/2025    /s/ Heydi Cardona de Gutierrez
                    HEYDI SULAY CARDONA
                    AGUIRIANO
                    Plaintiff

DATED: 12/10/2025    ███████████
                    ███████████
                    Plaintiff, by H██ S██ C██
                    A███████

DATED:              _____
                    Plaintiff

DATED:              _____
                    Plaintiff, by ███████

DATED:              NATIONAL IMMIGRATION
                    LITIGATION ALLIANCE

                    _____
                    MARY KENNEY
                    TRINA REALMUTO
                    KRISTIN MACLEOD-BALL
                    Attorneys for Plaintiffs

| | |
|---|---|
| DATED: | ▮▮▮▮▮ |
| | Plaintiff |
| DATED: | ▮▮▮▮▮ |
| | Plaintiff, by Aguiriano |
| DATED: 12/11/2025 | ▮▮▮▮▮ |
| | Plaintiff |
| DATED: 12/11/2025 | ▮▮▮▮▮ |
| | Plaintiff, by S▮▮▮ S▮▮ F▮▮ |
| DATED: | NATIONAL IMMIGRATION LITIGATION ALLIANCE |
| | _____ |
| | MARY KENNEY |
| | TRINA REALMUTO |
| | KRISTIN MACLEOD-BALL |
| | Attorneys for Plaintiffs |

|   |   |
|---|---|
| DATED: | _____ |
|   | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
|   | Plaintiff |
|   |   |
| DATED: | _____ |
|   | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
|   | Plaintiff, by ▇▇▇▇▇▇▇ |
|   |   |
| DATED: | _____ |
|   | ▇▇▇▇▇▇▇▇▇▇▇▇ |
|   | Plaintiff |
|   |   |
| DATED: | _____ |
|   | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
|   | Plaintiff, by ▇▇▇▇▇▇▇ |

DATED:   NATIONAL IMMIGRATION LITIGATION ALLIANCE

_/s/ Mary Kenney_____
MARY KENNEY
TRINA REALMUTO
KRISTIN MACLEOD-BALL
Attorneys for Plaintiffs

7

| | | |
|---|---|---|
| 1 | DATED: | LAW OFFICE OF BARDIS VAKILI |
| 2 | 12/11/2025 | *Bardis Vakili* |
| 3 | | BARDIS VAKILI |
| 4 | | Attorney for Plaintiffs |

DATED:   ADAM GORDON
United States Attorney

ERIN DIMBLEBY

Digitally signed by ERIN DIMBLEBY
Date: 2025.12.11 15:18:57 -08'00'

ERIN DIMBLEBY
KELLY A. REIS
Assistant U.S. Attorneys
Attorneys for Defendant
United States of America

8