UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.E. on her own behalf and on behalf of her minor child, E.E.B.P. et al.,<br><br>                  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendants. | Case No.:  24-cv-312-AGS-MSB<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

      On December 12, 2025, Plaintiffs filed an *Ex Parte* Petition for Approval of Terms of Trust for Minor Plaintiffs and a Petition to Approve the Settlement of Minors' Claims.  Dkt. Nos. 52 and 53.  When evaluating a settlement involving minors, District courts have a duty to safeguard the interests of minors in litigation.  *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (noting "the court in which a minor's claims are being litigated has a duty to protect the minor's interests").[1]  When parties settle an action involving a minor litigant, the Court must

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, footnotes, and parallel reporter citations are omitted from citations.

"conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* CivLR 17.1(a) (requiring the Court to review any proposed settlement of a minor's claims). For claims arising under federal law, the scope of the Court's inquiry should be limited to "the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. In assessing the fairness of the minor plaintiff's net recovery, the Court cannot consider the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* The Court must independently evaluate the fairness of the settlement "even if [it] has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363.

The Ninth Circuit requires the Court to consider the fairness of a minor plaintiff's settlement in comparison to recoveries in similar cases. *Robidoux*, 638 F.3d at 1182. Here, Plaintiffs have not addressed the issue or identified any similar cases. *See* Dkt. Nos. 52 and 53. Accordingly, the Court **ORDERS** Plaintiffs to file supplemental briefing addressing the issue and identifying recoveries in similar cases by **January 20, 2026**.

**IT IS SO ORDERED.**

Dated: January 13, 2026

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge