UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P.E. on her own behalf and on behalf of her minor child, E.E.B.P. et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | Case No.:  24-cv-312-AGS-MSB<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFFS' PETITION FOR (1) APPROVAL OF THE SETTLEMENT MINORS' CLAIMS AND (2) TERMS OF TRUST FOR MINOR PLAINTIFFS**<br><br>**[Dkt. Nos. 52 and 53]** |

　　　　Currently before the Court is Plaintiffs' December 12, 2025 *Ex Parte* Petition for Approval of Terms of Trust for Minor Plaintiffs [Dkt. No. 52 ("TOT Pet.")] and December 12, 2025 Petition to Approve the Settlement of Minors' Claims [Dkt. No. 53 ("MC Pet.")].  Having considered the Petitions and the supporting exhibits, and the applicable law, and for the reasons stated below, the Court **RECOMMENDS** that District Judge Schopler **GRANT** the Petitions as set forth below.

///
///
///

1

## **FACTUAL BACKGROUND**

On February 19, 2024, Plaintiffs initiated this litigation under the Federal Tort Claims Act "to seek compensation for the harm and losses they suffered as the result of the tortious conduct committed by U.S. Border Patrol agents." Dkt. No. 1 at 3-4. Plaintiffs, noncitizens E.P.E., E.C.M.U., H.S.C.G., and S.S.F., were removed from the United States and sent to Tijuana, Mexico shortly after giving birth to their one and two day old infants who were also expelled, Plaintiffs and United States Citizens, E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P. *Id.* at 2. Plaintiffs allege that they were expelled from the United States "to extremely dangerous and unhealthy conditions in Tijuana, Mexico, by agents of the U.S. Border Patrol" without regard to the United States' citizenship of the infants and the mothers' fears of persecution and torture in Mexico. *Id.*

## **PROCEDURAL BACKGROUND**

On May 28, 2025, the Court held an Early Neutral Evaluation conference during which Plaintiffs E.C.M.U., E.M.M., H.S.C.G., B.Y.C.G., S.S.F., and A.L.T.J.P. settled the case. Dkt. No. 37. Magistrate Judge Michael S. Berg ordered the parties to file a Petition to Approve the Minors' Compromise by August 28, 2025. Dkt. No. 37

On August 22, 2025, Judge Berg granted the parties' joint motion to continue the August 28, 2025 deadline for filing a Petition to Approve Minors' Compromise to September 28, 2025. Dkt. No. 42.

On August 26, 2025, Magistrate Judge Leshner was assigned to the case for purposes of the Minors' Compromise. Dkt. No. 43.

On September 26, 2025, Plaintiffs filed an Unopposed Motion to Cancel the September 29, 2025 Deadline for Submission of the Petition to Approve the Minors' Compromise. Dkt. No. 45.

On September 29, 2025, the Court Granted in Part Plaintiffs' motion. Dkt. No. 47. The Court continued the deadline for filing a Petition to Approve the

Minors' Compromise to October 31, 2025, and ordered the parties to file a Joint Status Report explaining any remaining impediments to meeting the October 31, 2025 deadline by October 13, 2025. *Id.*

On October 15, 2025, the Court issued a minute order vacating the deadlines set in Dkt. No. 46 in light of General Order No. 766[1] and ordered the parties to "notify the Court within five days of normal operations resuming so that the deadlines can be reset." Dkt. No. 47.

On November 25, 2025, the parties filed a Joint Notice of General Order No. 766-A and Motion to Reset Deadline for Submission of the Petition to Approve the Minors' Compromise. Dkt. No. 49. On November 26, 2025, the Court granted the parties' motion and continued the deadline for filing a Petition to Approve the Minors' Compromise to December 12, 2025. Dkt. No. 51.

On December 12, 2025, Plaintiffs filed an *Ex Parte* Petition for Approval of Terms of Trust for Minor Plaintiffs and a Petition to Approve the Settlement of Minors' Claims. TOT Pet.; MC Pet.

On January 13, 2026, the Court issued an Order Requesting Supplemental Briefing regarding the fairness of the minor plaintiffs' proposed settlement in comparison to recoveries in similar cases. Dkt. No. 55. Plaintiffs provided the supplemental briefing on January 20, 2026. Dkt. No. 56.

## LEGAL STANDARDS

District courts have a duty to safeguard the interests of minors in litigation. *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (noting "the court in which a minor's claims are being litigated has a duty to protect the minor's

---

[1] Available on the Court's website.

interests").[2]  When parties settle an action involving a minor litigant, the Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* CivLR 17.1(a) (requiring the Court to review any proposed settlement of a minor's claims).  For claims arising under federal law, the scope of the Court's inquiry should be limited to "the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182.  In assessing the fairness of the minor plaintiff's net recovery, the Court cannot consider the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*  The Court must independently evaluate the fairness of the settlement "even if [it] has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363

## PETITION TO APPROVE THE SETTLEMENT OF MINORS' CLAIMS

A. The Proposed Settlement Terms and Distribution

As stated in the Petitions, Plaintiff E.C.M.U. and her daughter Plaintiff E.M.M., Plaintiff H.S.C.G. and her son Plaintiff B.Y.C.G., and Plaintiff S.S.F. and her daughter A.L.T.J.P. have each agreed to settle their claims for $100,000.  MC Pet. at 4-5.  Plaintiff E.P.E. and her daughter E.E.B.P. have agreed to settle their claims for $135,000.  *Id.* at 5.  Each mother Plaintiff intends to split her settlement proceeds evenly with her child so that each minor Plaintiff will receive $50,000 or $67,5000 for E.E.B.P.  TOT Pet. at 4.  Plaintiffs' counsel seeks an award of fifteen

---

[2]  Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, footnotes, and parallel reporter citations are omitted from citations.

percent of the minor Plaintiffs' settlement for a total of $62,250 in attorneys' fees and is not seeking reimbursement for litigation costs. *Id.* at 4-5. There are no outstanding medical or other expenses to be paid or reimbursed from settlement proceeds. *Id.* at 5. After payment of the fees, minor Plaintiffs E.M.M., B.Y.C.G., and A.L.T.J.P. will receive a settlement payment in the amount of $42,500 and minor Plaintiff E.E.B.P. will receive a settlement payment in the amount of $56,875. MC *Id.* at 5-6.

The money will be placed into a pooled minor's trust administered by a fiduciary trustee from the nonprofit Legacy Enhancement Trust. *Id.* at 5, Exh. B. The trust will terminate when each minor turns eighteen years old. *Id.* at 6. Prior to that, the trustee will make distributions from the trust "for the use and benefit of the minor for expenses which are not provided by or available from another source." *Id.* Any remaining funds that exist after the trust terminates will be distributed to each minor Plaintiff in full. *Id.* There is an initial $1,500 enrollment fee (per minor) for the trust and an annual administrative fee of 1.95%. *Id.* at 6, Exhs. C and D.

B. The Settlement is Reasonable and in the Best Interests of E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P.

The Court has conducted an independent review of the proposed settlement and finds that E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P.'s settlement is fair, reasonable, and in their best interests. As a result of their experiences, the minors endured "inadequate access to food, proper shelter, and basic necessities[;]" however, none of the minors have outstanding medical or other expenses to be paid. TOT Pet. at 5. E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P. are entitled to recover for the harm they suffered, and the Court finds the net recovery discussed above is reasonable compensation for the injuries sustained.

The Ninth Circuit requires the Court to consider the fairness of a minor plaintiff's settlement in comparison to recoveries in similar cases. *Robidoux*, 638 F.3d at 1182. Plaintiffs identify several cases involving non-citizen minors who

sought damages pursuant to the Federal Tort Claims Act due to trauma sustained after being forcibly separated from their parents by CBP agents. Dkt. No. 56 at 3-5. Plaintiffs also identify several cases where minors and adults sought damages under the Federal Tort Claims Act for allegedly unlawful detention and deportation. *Id.* at 5-7. The proposed settlements "fall in the middle of a range of settlement amounts" from the two sets of cases. *Id.* at 2. The Court finds that the settlement amount for the minor Plaintiffs is consistent with other petitions of minor's compromise in cases asserting similar claims and damages. *See* Dkt. No. 56 at 3-7. Accordingly, the Court finds that the settlement is fair and reasonable.

Furthermore, the settlement was the result of negotiations between the parties. Throughout the negotiations, all parties were represented by counsel, who undoubtedly were well-informed as to the strengths and weaknesses of their respective positions. The settlement also "allows for the certainty of recovery" while eliminating the "burden, expense, and uncertainty of taking the case to trial." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5587488, at *5 (S.D. Cal. Sept. 18, 2020). In sum, the settlement allows the Plaintiffs to avoid the costs, risks, and time commitment of pursuing the case through discovery and trial, while providing fair and prompt compensation for the harm suffered. For the above reasons, the Court finds that the settlement is fair, reasonable, and in E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P.'s best interests.

C. Attorney's Fees and Litigation Costs

In addition to assessing whether the settlement is fair and reasonable, the Court must also approve the attorneys' fees and costs to be paid for representation of a minor. In this District and elsewhere in the Ninth Circuit, where counsel represents a minor on a contingency fee basis, attorneys' fees are generally limited to 25 percent of the gross recovery. *See Doe*, 2020 WL 5587488, at *6; *see also D.C. by & through Murphy v. Modesto City Sch.*, No. 1:22-CV-01481-HBK, 2023 WL 6060044, at *5 (E.D. Cal. Sept. 18, 2023) (noting the 25 percent "benchmark" for

contingency fees for representation of minors). Here, Plaintiffs' counsel requests fifteen percent of the settlement amount ($65,250) and will not seek reimbursement for litigation costs. MC Pet. at 6; TOT Pet. at 4-5.

The Court has considered the result obtained, the risk assumed, and the fact that the requested fees are below the historical benchmark of 25 percent. Under the facts and circumstances of this action, the Court finds the requested attorneys' fees are reasonable.

## PETITION FOR APPROVAL OF TERMS OF TRUST FOR MINOR PLAINTIFFS

This District's Civil Local Rules require that "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1(b)(1); *see also Alter by & through Alter v. Cnty. of San Diego,* No. 21-CV-01709-BLM, 2023 WL 4166096, at *5–6 (S.D. Cal. June 22, 2023) ("any money recovered by an incompetent who resides in California must be disbursed in accordance with the California Probate Code [under the Local Rules], regardless of whether the incompetent's claims arise under state or federal law"). As is relevant here, California Probate Code section 3611 provides that in entering judgment for a minor or incompetent, the Court should specify the method of distribution, which may include and order

> that the remaining balance of the money and other property be paid or delivered to the trustee of a trust which is created by, or approved of, in the order or judgment referred to in Section 3600. This trust shall be revocable by the minor upon attaining the age of 18 years, and shall contain other terms and conditions, including, but not limited to, terms and conditions concerning trustee's accounts and trustee's bond, as the court determines to be necessary to protect the minor's interests.

Cal. Prob. Code § 3611(g).

The settlement provides for each minor's settlement money to be placed in a pooled minor's trust administered by the Legacy Enhancement Trust. TOT Pet. at

5, Exhs. B, C. As explained in the trust document, "the primary purpose of the Trust is to protect each beneficiary from the loss of Trust assets through undue influence, misuse, or exploitation by others." *Id.* The Court finds that the proposed trust is fair, appropriate and within the bounds of the applicable law.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court finds that the (1) proposed settlement is reasonable and in Plaintiffs E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P.'s best interests, (2) proposed handling of the settlement funds on E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P.'s behalf is also reasonable, (3) apportionment of each family's settlement amount equally between Plaintiff Mother and Minor Plaintiff is fair and reasonable, and (4) the interests of Plaintiff Mothers are aligned with those of Minor Plaintiffs. The Court further finds that Plaintiffs' counsel's request for attorneys' fees of fifteen percent of the settlement amount ($65,250.00) is fair and reasonable.

Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the *Ex Parte* Petition for Approval of Terms of Trust for Minor Plaintiffs [Dkt. No. 52] and Petition to Approve the Settlement of Minors' Claims [Dkt. No. 53] and further order that:

1. The settlement funds for Minor Plaintiffs E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P. be placed in a pooled minor's trust administered by the nonprofit Legacy Enhancement Trust, the primary purpose of which is to protect each Minor Plaintiff from the loss of Trust assets due to undue influence, misuse, or exploitation by others;

2. Distribution of Trust funds be overseen by a fiduciary trustee at Legacy Enhancement Trust;

3. The Trust terminates when each Minor Plaintiff reaches the age of 18;

4. While the Trust is in place, the trustee will make distributions for the

use and benefit of the Minor Plaintiffs for expenses which are not provided by or available from another source;

5. No distribution of Trust funds shall discharge Plaintiff Mothers' legal obligation to support Minor Plaintiffs in accordance with state law;

6. Permissible distributions include, but are not limited to, expenses related to education, health care, and technology;

7. Absent extraordinary circumstances, such as one involving health or safety, the trustee will not distribute Trust funds for items categorized as parental support, such as rent, mortgage, or utility payments, or for alcohol, cigarettes, bail, bank overdrafts, and other itemized expenses;

8. Any funds remaining when the Trust terminates be released in full to each Minor Plaintiff;

9. The cost for administering the Trust consists of only an initial enrollment fee of $1500.00 and an annual administrative fee of 1.95%;

10. No bond shall be required given that the full amount of each Minor Plaintiff's settlement proceeds, minus only attorneys' fees, will be placed in the Trust and administered by Legacy Enhancement Trust.

This Report and Recommendation is respectfully submitted to the Honorable Andrew G. Schopler, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 17.1 and 72.1.

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **February 6, 2026**. Failure to timely object may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158

F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: January 22, 2026

_____
Hon. David D. Leshner
United States Magistrate Judge