UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| E.P.E., et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No.: 24-cv-0312-AGS-MSB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF 57) AND GRANTING PLAINTIFFS' MOTIONS FOR APPROVAL OF (1) TERMS OF TRUST FOR MINOR PLAINTIFFS (ECF 52) AND (2) SETTLEMENT OF MINORS' CLAIMS (ECF 53)** |

Earlier this year, the magistrate judge issued a report and recommendation urging this Court to grant plaintiffs' motions for approval of the (1) terms of trust for the minor plaintiffs and (2) settlement of the minors' claims. (*See* ECF 57 (recommending that the Court grant ECF 52 & 53).) District judges "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (cleaned up); *see also* 18 U.S.C. § 636(b)). Objections were due "February 6, 2026" (ECF 57, at 9), and, to date, no party has objected. This Court reviewed the report and recommendation and finds that it is well reasoned and without any clear error. So, the Court **ADOPTS** the magistrate judge's report and recommendation. Plaintiffs' motions for approval of the minor plaintiffs' terms of trust and the settlement of the minors' claims are **GRANTED**. Specifically, the Court orders as follows:

1. The settlement funds for minor plaintiffs E.E.B.P., E.M.M., B.Y.C.G., and A.L.T.J.P. must be placed in a pooled minor's trust administered by the nonprofit Legacy Enhancement Trust, the primary purpose of which is to protect each minor plaintiff from the loss of trust assets due to undue influence, misuse, or exploitation by others;

24-cv-0312-AGS-MSB

2. Distribution of trust funds must be overseen by a fiduciary trustee at Legacy Enhancement Trust;

3. The trust terminates when each minor plaintiff reaches the age of 18;

4. While the trust is in place, the trustee will make distributions for the use and benefit of the minor plaintiffs for expenses that are not provided by or available from another source;

5. No distribution of trust funds will discharge the plaintiff mothers' legal obligation to support minor plaintiffs in accordance with state law;

6. Permissible distributions include, but are not limited to, expenses related to education, health care, and technology;

7. Absent extraordinary circumstances, such as those involving imminent health or safety risks, the trustee will not distribute trust funds for items categorized as parental support (*e.g.*, rent, mortgage, or utility payments), or for alcohol, cigarettes, bail, or bank overdrafts;

8. Any funds remaining when the trust terminates must be released in full to each minor plaintiff;

9. The cost to administer the trust will consist of only an initial enrollment fee of $1,500.00 and an annual administrative fee of 1.95% of the amount in the trust at the previous year's end;

10. No bond shall be required given that the full amount of each minor plaintiff's settlement proceeds, less attorneys' fees, will be placed in the trust and administered by Legacy Enhancement Trust.

Dated:  March 10, 2026

_____
Andrew G. Schopler
United States District Judge

2

24-cv-0312-AGS-MSB